IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **AMY GWARA,**<br><br>*Plaintiff,*<br><br>v.<br><br>**B&G EQUIPMENT COMPANY,**<br><br>*Defendant.* | **CIVIL ACTION NO.**<br>**5:21-cv-00111-TES** |

### ORDER APPROVING SETTLEMENT AGREEMENT

Before the Court is Plaintiff Amy Gwara's Motion to Approve Settlement Agreement [Doc. 2] for her Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, claim. The parties agreed to settle this case prior to the service of and appearance by Defendant B&G Equipment Company. [Doc. 2, p. 1]. Nevertheless, because this is a FLSA case, the Court must determine whether the settlement between the parties is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354–55 (11th Cir. 1982). Additionally, the Court must review the attorney's fees to ensure that counsel is adequately compensated and that no conflict of interest affects the amount the plaintiff-employee recovers under the agreement. *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam).

Upon consideration of the Proposed Settlement Agreement, the Court finds that Plaintiff's Motion to Approve Settlement Agreement [Doc. 2] is due to be granted. *See*

[Doc. 2-2, pp. 6–12]. The Court notes, however, that the parties to this case entered into a separate agreement in conjunction with the settlement of Plaintiff's FLSA claims. In this separate agreement, Plaintiff, in exchange for consideration in the amount of $100, has agreed to a general release of all claims arising out of her employment relationship with Defendant "from the beginning of time to the date [she] executes" the Settlement Agreement. [*Id.* at pp. 7–8, 12]. Importantly, Plaintiff represents that this additional consideration of $100 under the "General Release" provision is wholly unrelated to the value of her FLSA claim for which she is being fully compensated. [Doc. 2-1, pp. 5–6]; [Doc. 2-2, p. 8]. As nothing in the record indicates otherwise, the Court accepts the Plaintiff's representations as well as those made by her counsel with respect to attorney's fees, and it finds that the releases in this case are permissible on this record.

Accordingly, the Court **GRANTS** Plaintiff's Motion to Approve Settlement Agreement [Doc. 2] and incorporates the Settlement Agreement by reference into this Order. The Court **DISMISSES** this case **with prejudice** but will retain jurisdiction over this matter until fulfillment of the payment obligations under Paragraph 1 of the Settlement Agreement. *See* [Doc. 2-2, pp. 6–7].

**SO ORDERED**, this 14th day of May, 2021.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**